1                                                                                       MW

2

3

4

5

6                 **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

9    Marisol Mendoza,                           No.  CV-20-00514-PHX-SPL (MTM)

10                    Petitioner,

11   v.                                          **ORDER**

12   William Barr, et al.,

13                    Respondents.

14

15          In its June 16, 2020 Order, the Court observed that Petitioner provided evidence,

16   which Respondents object to but do not contradict, that shows her physical state could

17   quickly and unexpectedly change, which could have devastating consequences in light of

18   her preexisting conditions.  This Court therefore ordered Respondents to transfer Petitioner

19   to a negative pressure cell located in the medical unit with the understanding that it would

20   allow them to provide Petitioner with "a higher level of observation [and] care," as they

21   described it, including *closely* monitoring Petitioner's symptoms and *frequently* testing her

22   vital signs.

23          The Court has reviewed Petitioner's Motion to Amend the June 16, 2020 Order

24   (Doc. 50) and Respondents' Notice of Compliance (Doc. 52) and Response (Doc. 54).

25   Setting aside the factual disputes regarding the cleanliness of Petitioner's cell when she

26   first arrived, the negative pressure cell provides Petitioner with the ability to alert officers

27   if she requires immediate medical attention by waving at the camera in her cell that is

28   monitored by staff, knocking on the door, or pressing the emergency button.  Video

1   monitoring could also prove beneficial in the event Petitioner were to require medical
2   attention but was unable to personally alert staff.  It is not apparent to the Court that these
3   additional safeguards, in tandem with more frequent vitals testing and interaction with
4   staff, would be, objectively, constitutionally deficient.  The Court understands that there is
5   a countervailing concern regarding the negative effects of isolation in the negative pressure
6   cell.  That question, however, does not turn on whether Respondents have not, will not, or
7   cannot, provide Petitioner with the reasonable care she needs.

8       **IT IS ORDERED** that Petitioner's Motion to Amend Order (Doc. 50) and Motion
9   for Hearing (Doc. 51) is **denied without prejudice** and the Court's Order to Show Cause
10  (Doc. 53) is **discharged**.

11      **IT IS FURTHER ORDERED** that the parties shall meet and confer
12  (telephonically, electronically, or in person) and file a joint proposed order of modified
13  conditions no later than by **noon** on **June 18, 2020**.  The proposed order must include, at
14  minimum, the frequency of vitals testing, examinations, and psychiatric evaluations and/or
15  counseling.  Should the parties stipulate that Petitioner should be returned to Bravo 600,
16  the proposed order should so indicate.  Similarly, should the parties stipulate that Petitioner
17  should be placed in a similar negative pressure cell with a television, the proposed order
18  should so indicate.

19      Dated this 18th day of June, 2020.

20

21                                          _____
                                            Honorable Steven P. Logan
22                                          United States District Judge

23

24

25

26

27

28

- 2 -